# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEANINE L. JACKSON,**
        Plaintiff,

    v.                                        Case No. 12-CV-00490

**CITY OF MILWAUKEE, GARY CHERONE,
ADAM FREUND, and OFFICER JOHN DOE,**
        Defendants.

## DECISION AND ORDER

Pro se plaintiff Jeanine Jackson brings this action against the City of Milwaukee and three Milwaukee police officers for violations of her civil rights. Before me now is defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Defendant asserts that the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(h)(2) (noting that a motion to dismiss for failure to state a claim may be brought under Rule 12(c)). In response to defendants' motion, plaintiff moves to amend her complaint. Plaintiff's proposed second amended complaint alleges substantially the same facts as the original complaint but adds details, identifies defendant John Doe as Sergeant Jason Mucha and adds two claims. Defendants oppose plaintiff's motion to amend arguing that the proposed amended complaint is deficient on the same grounds as the original complaint. Therefore, I will review the proposed second amended complaint to determine if plaintiff's allegations are sufficient.

## I. BACKGROUND

Plaintiff alleges the following: In September 2006, she entered into an agreement with Toyota Motor Credit Corporation ("Toyota") to finance the purchase of a 2004 Toyota Solara. She agreed to pay $515.00 per month for 60 months but fell behind on the payments. On January 8, 2009, Toyota filed a replevin action against her in Milwaukee County Circuit Court so it could repossess the car. *See* Wis. Stat. § 425.205(1). Plaintiff unsuccessfully sought relief in bankruptcy court, and, on April 28, 2009, Toyota received a judgment in the replevin case. The judgment gave Toyota two options. It could either ask the court to issue an order directing the Milwaukee County Sheriff to seize plaintiff's car, or it could exercise its right to nonjudicial recovery. *See id.* § 425.205(5). Under Wisconsin law, a creditor may seize property without the assistance of the sheriff if it can do so without committing "a breach of the peace." *Id.* § 425.206. A breach of the peace occurs when a creditor either resorts to violence or takes property over the express objection of the debtor. *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 811–12 (Ct. App. 1993). Toyota chose to exercise its right to nonjudicial recovery and engaged Select Recovery, Inc. ("Select Recovery") to pick up plaintiff's car.

On May 19, 2009, agents of Select Recovery visited plaintiff's house, parked illegally on her property to prevent her from removing her car from her driveway and informed her that they were there to repossess her car. Plaintiff told them they had no right to take the car because she had filed for bankruptcy and asked them to leave her property. The Select Recovery agents refused, so plaintiff told her mother, Judith Jackson, to call the police. After calling the police, Judith came outside to help stop the repossession and a Select

2

Recovery agent physically attacked her. Plaintiff intervened to stop the attack and Milwaukee police officers, defendants Gary Cherone and Adam Freund, arrived shortly thereafter. Plaintiff informed them that she had asked the Select Recovery agents to leave her property and that they had refused and attacked her mother. She also gave them her bankruptcy papers.

The officers reviewed plaintiff's papers and looked up the replevin judgment. They then informed plaintiff that Select Recovery had a right to take the car. Plaintiff asked that they call a supervisor and the officers called Sergeant Jason Mucha. Mucha spoke with the Select Recovery agents and informed plaintiff that Select Recovery had a right to take the car. He said that if she tried to stop the repossession he would arrest her. He also refused to allow her to remove her personal belongings from the car and ordered her to give her keys to Select Recovery. After receiving the keys, Select Recovery left with the vehicle. Plaintiff is African American, and the Select Recovery agents and the officer defendants are Caucasian. Plaintiff alleges that defendants sided with Select Recovery in part because of racial bias.

## II. DISCUSSION

Plaintiff must provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Id.* at 678 (quoting *Twombly*, 550 U.S. at

3

570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering defendants' motion, I accept all of plaintiff's allegations as true and give them a liberal construction because plaintiff is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**A. Claims Against the Officer Defendants**

Plaintiff first claims that the officer defendants are liable to her under 42 U.S.C. § 1983 because they seized her car and transferred possession of it to Select Recovery in violation of her Fourth Amendment right to be free from unreasonable seizures and her Fourteenth Amendment right to due process. To state a claim under § 1983, plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States, and 2) the deprivation was visited upon her by a person acting under color of state law. *Buchanon-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Defendants concede they were acting under color of state law but argue that the complaint alleges that it was employees of Select Recovery who seized the car.

A police officer who merely stands by to keep the peace during a private repossession is not liable for the resulting deprivation of property, but an officer will be held liable if he "affirmatively aided in a repossession such that he can be said to have caused the constitutional deprivation." *Harvey v. Plains Twp. Police Dept.*, 635 F.3d 606, 609–10 (3d Cir. 2011) (citing *Abbott v. Latshaw*, 164 F.3d 141, 147 (3d Cir. 1998)); *see also Marcus v. McCollum*, 394 F.3d 813, 819 (10th Cir. 2004) ("[O]fficers may act to diffuse a violent situation but may not aid the repossessor in such a way that the repossession

4

would not have occurred but for their assistance."); *Barrett v. Harwood*, 189 F.3d 297, 302–03 (2d Cir. 1999) (same). This is because state officials can be held liable for a private decision if they have "exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *see also Greco v. Guss*, 775 F.2d 161, 168 (7th Cir. 1985) ("'At some point, as police involvement becomes increasingly important, . . . repossession by private individuals assumes the character of state action.'") (quoting *Howerton v. Gabica*, 708 F.2d 380, 383 (9th Cir. 1983)). Whether an officer affirmatively aided in a repossession depends on the totality of the circumstances. Courts consider whether the officer: 1) arrived with the repossessor, 2) stood in close proximity to the repossessor, 3) told the debtor the seizure was legal, 4) unreasonably recognized the documentation of one party over another, 5) ordered the debtor to stop interfering or be arrested, or 6) failed to depart before completion of the repossession. *Marcus*, 394 F.3d at 819 (collecting cases); *Harvey*, 635 F.3d at 610. *Cf. Barrett*, 189 F.3d at 303 (finding no intervention where the officer told the plaintiff that the repossession was a civil matter in which the officer could not get involved); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511–12 (5th Cir. 1980) (same).

    I conclude that the amended complaint alleges that the officer defendants provided enough aid to Select Recovery to implicate them in the repossession. Plaintiff alleges that defendants did nothing to address the attack on her mother and refused to ask Select Recovery to leave her property. Instead, they spoke with the repossessor, reviewed the legal documentation and told plaintiff that Select Recovery had a right to take the car. She

5

also claims that defendant Mucha threatened to arrest her if she resisted the repossession, prevented her from removing her personal property from the vehicle and ordered her to hand over her keys. Plaintiff further alleges that defendants remained at her home until the repossession was complete. These allegations indicate that defendants did not remain neutral but rather intervened and prevented plaintiff from stopping the repossession by objecting to it. *See Soldal v. Cook Cnty.*, 923 F.2d 1241, 1247 (7th Cir.1991), *vacated by Soldal v. Cook Cnty.*, 942 F.2d 1073 (7th Cir.1991), *reinstated in part by Soldal v. Cook Cnty.*, 942 F.2d 1073 (7th Cir.1991) (en banc), *rev'd on other grounds*, 506 U.S. 56 (1992) ("The police prevented Soldal from exercising his statutory right to defend his property. That is state action."); *see also Hensley v. Gassman*, 693 F.3d 681, 689–90 (6th Cir. 2012) (A debtor's objection is his or her "most powerful (and lawful) tool in fending off an improper repossession because it constitutes a breach of the peace requiring the creditor to abandon his efforts to repossess.").

The amended complaint also sufficiently alleges that the repossession violated plaintiff's Fourth Amendment right to be free from unreasonable seizures. A "seizure" under the Fourth Amendment occurs "when 'there is some meaningful interference with an individual's possessory interest in [her] property.'" *Soldal v. Cook Cnty.*, 506 U.S. 56, 61 (1992) (quoting *U.S. v. Jacobsen*, 466 U.S. 109, 113 (1984)). The transfer of possession of plaintiff's car to Select Recovery satisfies this standard. The complaint also indicates that the seizure was not objectively reasonable. *See id.* at 71. Defendants claim they were acting pursuant to a court order, but the state court had not issued an order requiring state officials to enforce the replevin judgment because Toyota had elected to exercise its right

6

to *nonjudicial* recovery. Moreover, any order from the court would have been directed to the sheriff and not the police department. There were also questions regarding the enforceability of the replevin judgment. This is because plaintiff informed defendants that prior to their arrival a Select Recovery agent had attacked her mother. Such an attack would constitute a breach of the peace that could void the agreement between plaintiff and Toyota and give plaintiff the right to retain the vehicle. *See* Wis. Stat. §§ 425.206, 425.305. And, even if Toyota had a right to take the vehicle, there was no reason to believe it had a right to take the personal property contained therein. Thus, plaintiff has stated a claim for relief under the Fourth Amendment.

Plaintiff's allegations are also sufficient to state a claim that defendants violated her Fourteenth Amendment right to due process. "To state a procedural due process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park*, 528 F.3d 530, 534 (7th Cir. 2008). Defendants' only argument against this claim is that plaintiff fails to allege that defendants deprived her of a protected interest because Select Recovery seized the car. For the reasons stated, this argument fails.

Next, plaintiff claims that the officer defendants violated §§ 1981 and 1982 because they discriminated against her on the basis of her race when they sided with Select Recovery. Section 1981 prohibits racial discrimination that limits a person's right "to make and enforce contracts," including the right to enjoy the "benefits, privileges, terms, and conditions of the contractual relationship," 42 U.S.C. § 1981(a)–(b), and § 1982 prohibits racial discrimination that limits a person's right "to inherit, purchase, lease, sell, hold, and

7

convey real and personal property." 42 U.S.C. § 1982; *see also CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 448 (2008). To state a claim under either of these statutes, plaintiff must allege "that (1) [she is a member] of a racial minority, 2) the defendant[s] had an intent to discriminate on the basis of race, and 3) the discrimination concerned one or more of the activities enumerated in the statute." *Morris v. Office Max, Inc.*, 89 F.3d 411, 413–14 (7th Cir. 1996). Plaintiff's allegations satisfy these requirements. She alleges that she is African American, that defendants' decision to seize her vehicle was racially motivated, and that the seizure interfered with her right to enjoy the benefits of her contract with Toyota and to hold her property. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010) (holding that a plaintiff stated a claim for housing discrimination where she identified the type of discrimination, who carried it out and when). Defendants argue that there was no interference with plaintiff's contractual or property rights because the judgment of replevin terminated plaintiff's legal interest in the vehicle. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) ("Any claim brought under § 1981 . . . must initially identify an impaired 'contractual relationship,' under which the plaintiff has rights.") (quoting 42 U.S.C. § 1981(b)). The problem with this argument is that, although the judgment of replevin gave Toyota the right to seize the vehicle, plaintiff still had a right to retain possession of it until Toyota satisfied the requirements of Wis. Stat. § 425.205(5) and actually repossessed it.

Plaintiff's final claim against the individual defendants is that they are liable under 42 U.S.C. § 1985(3) because they conspired with one another to deny plaintiff her civil rights. Defendants' briefs do not address this claim thus plaintiff may proceed on it.

8

In the event the amended complaint states a claim, defendants claim they are entitled to qualified immunity. The doctrine of qualified immunity shields government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982). In order to determine whether a defendant is entitled to qualified immunity, I ask 1) whether the facts, taken in the light most favorable to the plaintiff, amount to a violation of plaintiff's rights, and 2) whether the rights at issue were clearly established at the time of the alleged violation. *McComas v. Brickley*, 673 F.3d 722, 725 (7th Cir. 2012). To prove that a right was clearly established, plaintiff does not have to show that "the very act in question has previously been held unlawful," only that the unlawfulness of it was apparent "in the light of pre-existing law." *Anderson v. Creighton*, 483 U.S. 635, 639–40 (1987). A court should first look for controlling precedent on the issue from the Supreme Court and the applicable circuit. *Phillips v. Cmty. Ins. Corp.*, 678 F.3d 513, 527–28 (7th Cir. 2012). "If such precedent is lacking, [a court] looks to all relevant case law to determine 'whether there was such a clear trend in the case law that [it] can say with fair assurance that the recognition of the right by a controlling precedent was merely a question of time." *Id.* at 528 (quoting *Estate of Escobedo*, 600 F.3d 770, 781 (7th Cir. 2010)).

At this early stage of the proceedings, defendant's are not entitled to qualified immunity. I have concluded that the complaint states several claims for relief and, based on the case law cited above, I conclude that the rights at issue were clearly established prior to May 2009. *See Johnson v. City of Evanston, Ill.*, 250 F.3d 560, 562 (7th Cir. 2001)

9

("The Constitution's requirements are as applicable to the police when they choose sides in a dispute among citizens as when they seize evidence for use in criminal prosecutions.") (citing *Soldal v. Cook Cnty.*, 506 U.S. 56 (1992)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1090 (7th Cir. 2008) ("[T]he rule that qualified immunity must be resolved at the earliest possible stage must be tempered by the notice pleading requirements of Rule 8.").

**B. Claim Against the City**

Finally, plaintiff's last claim is that the City of Milwaukee is liable under § 1983 because it failed to train its police officers on the proper procedure to follow in cases of nonjudicial recovery under Wis. Stat. § 425.206. The failure to provide adequate training to its employees may be a basis for imposing liability on a municipality if the plaintiff "show[s] that the failure to train reflects a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact." *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012); *see also Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690–91 (1978) (holding that an entity commits a "wrong" under § 1983 when an injury is inflicted by an officially promulgated policy or a custom). Deliberate indifference may be shown by demonstrating that a municipality "fails to train its employees to handle a recurring situation that presents an obvious potential for a constitutional violation and this failure to train results in a constitutional violation." *Dunn v. City of Elgin*, 347 F.3d 641, 645–46 (7th Cir. 2003). Plaintiff alleges that the officer defendants were not trained to handle a dispute arising out of the nonjudicial repossession of a vehicle, such as occurred in the present case, and this states a plausible claim of municipal liability.

Since the amended complaint states several claims for relief, I will grant plaintiff's motion to amend. *See* Fed. R. Civ. P. 15(a)(2) (noting that a court "should freely give leave [to amend] whenever justice so requires"). I will also deny as moot her request for an extension of the time allowed under Fed. R. Civ. P. 4(m) for serving defendant Mucha with the amended complaint because the time for service has not yet started. *See Moore v. State of Indiana*, 999 F.2d 1125, 1131 (7th Cir.1999) (noting that submission of a proposed amended complaint tolls the statute of limitations but that the complaint is not technically filed until the court grants the motion to amend). I will order the U.S. Marshal to complete service on plaintiff's behalf because she is proceeding in forma pauperis.

**THEREFORE, IT IS ORDERED** that plaintiff's first motion for leave to amend the complaint (Docket #21) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that plaintiff's amended motion for leave to amend the complaint (Docket #25) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendants' motion for judgment on the pleadings (Docket #17) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for an extension of the time for serving defendant Jason Mucha (Docket #31) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service shall serve a copy of the amended complaint, a waiver of service form and/or the summons and this order upon defendant Jason Mucha. Plaintiff is advised that Congress requires the U.S. Marshal's Service to charge for making or attempting such

11

service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8 per item. 28 C.F.R. §§ 0.114(a)(2). Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Dated at Milwaukee, Wisconsin, this 20th day of June 2013.

s/ Lynn Adelman
LYNN ADELMAN
District Judge